IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN  DIVISION

| | | |
|---|---|---|
| STEVIE P. BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:05-cv-00511-DRB |
| vs. | ) | [wo] |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Denied administratively on his application  for  disability insurance benefits  under Title II of the Social Security Act , 42 U.S.C. §§ 401 *et seq.*, and  supplemental security income under Title XVI, 42 U.S.C. §§ 1381 *et seq.*, Stevie P. Ballard ("Ballard") received a requested hearing before an administrative law judge ("ALJ"),  who rendered an unfavorable decision.   Because the Appeals Council rejected review,  the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").   Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636 (c), and for reasons herein explained,  the court concludes that the Commissioner's decision should be affirmed.

## I.   STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited.   The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422

(11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.

 The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.   ADMINISTRATIVE FINDINGS

Ballard, age 39 at the time of the hearing, has the equivalent of a high school education. Because Ballard's earnings records documented his insured status only through June 30, 2003, the ALJ concluded properly that he must establish disability commencing on or before that date.  Ballard has not engaged in substantial gainful work activity since January 1, 2002, the alleged onset date of disability.  The ALJ determined that Ballard suffers from two severe impairments– *degenerative disc*

*disease and obesity*– but considered individually and in combination, they did not meet or equal in

severity any impairment listed in 20 C.F.R. Part 404, Appendix 1 to Subpart P.   He deemed "not

totally credible" Ballard's allegations of pain and functional limitations.  The ALJ determined that

Ballard is unable to perform his past relevant work; therefore, the ALJ proceeded to step five of the

five-step sequential evaluation process.   After considering Ballard's age, education, and work

experience, and in reliance on the Medical Vocational Guidelines, the ALJ found him able to

perform a full range of light work and, consequently, not disabled under the Social Security Act.[1]


## III.   ISSUES

Ballard specifies two issues for this judicial review:

1.      The Commissioner's decision should be reversed, because the ALJ did not apply the
        three-part pain standard established by the 11th Circuit for cases dealing with pain.

2.      The Commissioner's decision should be reversed, because the ALJ did not allow
        adequate weight to the opinion of Mr. Ballard's treating physician.[2]

## IV.   DISCUSSION

### A.      Application of the Pain Standard and Credibility Assessment

Highlighting the ALJ's failure to cite or refer to expressly the three-part pain standard,

Ballard claims reversible error in the ALJ's rejection of his subjective complaints of pain and

---

[1]The ALJ's disability analysis followed the five-step sequential evaluation process set forth
in 20 C.F.R. §404.1520 and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

[2] Plaintiff's Brief ("*Pl.'s Br.*") at 8 (Doc. 12, filed Aug. 30, 2005).

functional limitation.[3]   The Commissioner responds that the ALJ properly analyzed Ballard's allegations of disabling back pain and "cited several appropriate reasons, which were supported in the record, for finding [Ballard's] allegations not credible."[4]   The court agrees.

### 1.   The Pain Standard

The Eleventh Circuit continues to adhere to the pain standard articulated in *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991):

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1)   evidence of an underlying medical condition;  and *either* (a) objective medical evidence confirming the severity of the alleged pain;  *or* (b) that the objectively determined medical condition  can reasonably be expected to give rise to the claimed  pain.

*Dyer v. Barnhart,* 395 F. 3d 1206, 1210 (11th Cir. 2005); *Wilson v.  Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002);  *Elam v. Railroad Retirement Board,* 921 F.2d 1210, 1216 (11th Cir. 1991).

A disability finding may be grounded solely on a claimant's subjective testimony supported by medical evidence that satisfies the pain standard.  *Foote v. Chater*, 67 F. 3d 1553, 1561 (11th Cir. 1995).   If a claimant testifies as to his subjective complaints of disabling pain and other symptoms, the ALJ must articulate explicit and adequate reasons for discrediting the claimant's allegations.  *Dyer*, 395 F. 3d at 1210.   Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true.  *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  *See Marbury v. Sullivan*, 957 F. 2d 837, 839 (11th Cir.

---

[3]*Pl.'s Br.* at 9.

[4]Memorandum in Support of the Commissioner's Decision ("*Def.'s Br.*") at 4(Doc. 15, filed Sept. 19, 2005).

1992); *Hale v. Bowman,* 831 F.2d 1007, 1012 (11th Cir. 1987); *MacGregor v. Bowen*, 786 F.2d 1050,

1054 (11th Cir. 1986); *see also Moore v. Barnhart,* 405 F. 3d 1208 (11th Cir. 2005)(credibility

determinations are for the ALJ).

### 2.   Analysis: ALJ's Credibility Assessment

While the ALJ did not recite verbatim the three-part pain standard,[5] he stated correctly his

duty to assess the claimant's RFC by considering "all symptoms, including pain, and the extent to

which these symptoms can reasonably be accepted as consistent with the objective medical evidence

and other evidence based on the requirements of 20 CFR §§404.1529 and 416.929, and Social

Security Ruling 96-7p."   He considered Ballard's subjective complaints of disabling pain and

functional limitations and found them "not totally credible".   The ALJ also considered opinions by

medical sources, including Ballard's treating physicians regarding pain, side effects of medication and

functional limitations.[6]   As explained *infra*, the ALJ's consideration of his  treating physician's

opinions is supported by substantial evidence and proper application of the law.   Thus, the court

proceeds to analyze whether substantial evidence supports the ALJ's articulated reasons for

discrediting Ballard's subjective allegations of pain.

Ballard does not challenge any of the ALJ's articulated reasons for discrediting his subjective

complaints of pain and functional limitations.   Instead, Ballard only challenges the ALJ's

---

[5]*Wilson v. Barnhart*, 284 F. 3d 1219, 1225-26 (11th Cir. 2002)("Although the ALJ does not cite or refer to the language of the three-part test in Holt, his findings and discussion indicate that the standard was applied.  Furthermore, the ALJ cites to 20 C.F.R. §1529, which contains the same language regarding the subjective pain testimony that this Court interpreted when initially establishing its three-part pain standard.")

[6]R. 20-21,23.

consideration of his obesity and degenerative disc disease in finding his subjective allegations not wholly credible.   "Considering [his] degenerative disc disease in conjunction with his obesity", Ballard contends that "it is reasonable that his conditions would give rise to the level of pain of which he complained."[7]   Judicial analysis is informed by SSR 02-01p, 2002 SSR Lexis 1, at*15,  enacted in 2002 to supersede a 2000 policy guideline, which provides, in pertinent part:

> We will not make assumptions about the severity or functional effects of obesity combined with other impairments.  Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment.  We will evaluate each case based on the information in the case record.

Obesity is no longer a listed impairment, and  SSR 02-1p does not permit the ALJ, or this court on review, to make assumptions about the functional effects of obesity combined with other impairments.  Upon finding that a claimant has a severe  impairment which can be exacerbated  in the workplace by his obesity, the ALJ has a duty to explain whether and how he assessed any evidence that the combination of such impairments would affect adversely his  ability to perform routine movement and necessary physical activity. [8]

In this case, the ALJ discussed the combined effects of the severe impairments he determined for Ballard on his *RFC* for past work or other work.   The ALJ *first* noted Ballard's claim of disability due to "deteriorating disc in his back" beginning in January 1, 2002. The ALJ *then* summarized the

---

[7]*Pl.'s Br.* at 9.

[8]*See Lucas v. Sullivan*, 918 F.2d 1567, 1574 (11th Cir. 1990) 85);   SSR 02-01p, 2002 SSR LEXIS 1,at *18 ("As with any other impairment, we will explain how we reached our conclusions on whether obesity caused any physical or mental limitations"); *Wilson v. Barnhart*, 284 F.2d 1219, 1224-25 (11th Cir. 2002); *Davis v. Shalala*, 985 F.2d 528, 533 (11th Cir. 1993) ( requiring the ALJ to make specific and well-articulated findings as to the combined effect of all impairments); *McCray v. Massanari*, 175 F.Supp 2d 1329, 1336 (M.D.Ala. 2002).

scant medical records from Wiregrass Medical Center for Ballard's emergency room treatment on November 26, 2000, March 17, 2001 and June 17, 2001. The ALJ found that none of these medical records "suggested any complaints related to [Ballard's] back, and none . . . suggested any limitations secondary to his weight."[9] The ALJ also considered the physical capacities evaluation and pain form completed by Dr. Arnold, who rested his opinions about Ballard's functional limitations on his obesity in combination with his degenerative disc disease. As discussed *infra*, the ALJ properly discredited Dr. Arnold's opinions. Ballard is plainly wrong in attributing to the ALJ a failure to apply the requisite pain standard in evaluating his subjective allegations of pain. In arguing for such error, Ballard attempts merely to weigh the evidence and draw his own conclusions about the medical evidence of record and the effects of the combination of his two severe impairments on his pains.

The ALJ noted the lack of objective medical evidence to support Ballard's allegations of disabling pain and functional limitations. Regarding Ballard's reported pain levels at the administrative hearing, the ALJ found them inconsistent with the objective findings and Ballard's lack of treatment:

> The claimant described back pain that he rated at a level of seven to eight, on a good day. However, the minimal x-ray finding and, particularly, the absence of any documented treatment for back complaints prior to March 2004, are convincing to the Administrative Law Judge that the claimant grossly overstated the degree of pain that results from the objectively demonstrated abnormality, which was minimal changes of the lumbar spine.[10]

The ALJ found Ballard's subjective allegations inconsistent with (a) the absence of any medication use prior to June 30, 2003--the last insured date and (b) Ballard's recent prescription for medication

---

[9] R. 18. See also R. 95-107.

[10] R. 20.

for moderate to moderately severe pain in July 2004.[11]   In weighing a claimant's credibility, an ALJ

is entitled to consider the nature of any medical treatment.  *See* 20 C.F.R. §404.1529; *Watson v.*

*Heckler*, 738 F. 2d 1169, 1173 (11th Cir. 1984) (ALJ properly considered claimant's failure to seek

treatment as a factor inconsistent with claimant's pain testimony.); *Riley v. Massanari*, 139 F. Supp.

2d 1293, 1297-1298 (M.D. Ala. 2001) (ALJ properly considered the lack of any follow-up treatment

and claimant's sole use of over the counter medications in making credibility determination).

The ALJ noted (a) Ballard's self-described functional limitations reported in an October 24,

2003 Physical Activities Questionnaire and (b) his hearing testimony which indicated "more

restrictive" functional limitations.[12]   The ALJ properly concluded that "the record simply does not

indicate any deterioration of the minimal degeneration established by x-ray in November, 2003."[13]

The ALJ found no support in the record for Ballard's reported need to rest in his recliner after

standing or walking for 15 minutes.[14]  Scrutiny of the record compels this court to agree. Regarding

Ballard's complaint of drowsiness as a side effect of his prescribed medication, the ALJ properly

concluded it too lacked support in the medical record.[15]  *See e.g., Swindle v. Sullivan,* 914 F. 2d 222,

---

[11]R. 20, 94, 153.

[12]In the Physical Activities Questionnaire, Ballard stated that he cannot lift more than 25lbs
or "[his] back kills [him] the next day".  He stated that he could stand, walk and walk "a couple hours
a day". (R. 63).  During the administrative hearing, Ballard testified that he could stand and walk for
"probably 10 to 15 minutes" before he would have to sit down because of his back.   He testified that
he could sit for "probably five to ten minutes".   When asked about any lifting restrictions, he
responded that he can't bend to pick items up.  (R. 155-56).

[13]R. 20.

[14]R. 21.

[15] R. 20, 135, 154.

226 (11th Cir. 1990) (finding substantial evidence supports ALJ's determination that side effects of medication did not present significant problems where the claimant testified that her medication may be causing headaches, but the record disclose any such concerns by treating or examining doctors); *French v. Massanari*, 152 F. Supp. 2d 1329, 1337-38 (M.D. Fla. 2001) (finding ALJ did not have a duty to develop record on whether side effects of claimant's medication contributed to his disability where only evidence in record is claimant's testimony that his pain medication makes him "groggy").

The ALJ also buttressed his credibility determination with these evidentiary facts which are unchallenged and material: (1) the November 2003 examination by Dr. Arnold which revealed no obvious severe defects on physical examination but only mild degenerative changes of the lumbar spine;[16] (2) the absence of symptoms of high blood pressure or prescriptions for high blood pressure;[17] and (3) the State agency physician's opinion that Ballard retained an RFC for medium work.[18] That the ALJ may consider the medical evidence in the record is unquestioned. *See* 20 C.F.R. §1529; SSR No. 96-7p.

In sum, Ballard can disagree with how the ALJ weighed the relevant evidence, but the court cannot re-weigh the evidence. *Sewell v. Bowen*, 792 F. 2d 1065, 1067 (11th Cir. 1986); *McCray,* 175 F. Supp. 2d at 1338. Nor can the court decide the facts anew or substitute its judgment for that of the ALJ. *See Phillips v. Barnhart*, 357 F. 3d 1232, 1240 n. 8 (11th Cir. 2004). Because substantial evidence supports the ALJ's credibility determination, remand is not warranted. *See Marbury v.*

---

[16]R.124-26.

[17]R.123-26.

[18]R. 115-122.

9

*Sullivan*, 957 F. 2d 837, 839 (11th Cir. 1992).

### B.      Consideration of Medical Source Opinions

Ballard disputes the weight accorded to the opinions of his treating physician, Dr. Arnold,

regarding his exertional limitations and pain.  Ballard's sole challenge merely questions whether the

ALJ gave the opinions any deference and weighed them using all of the factors in 20 C.F.R.

§404.1527.[19]  Guided by the well-settled law,[20]  the court proceeds to analyze the relevant evidence.

The ALJ summarized  the exertional limitations specified for Ballard in the November 16,

2004 Physical Capacities Evaluation ("PCE") completed by  Dr. Arnold:

> On November 16, 2004, Dr. Arnold signed a "Physical Capacities Evaluation" form,
> on which he indicated the claimant could occasionally lift and carry objects weighing
> five pounds, and he could frequently lift and carry objections weighing one pound.
> The claimant could sit for two hours in an eight hour workday, and he could stand
> or walk two hours in a workday.  He did not need an assistive device to ambulate.
> The claimant could never engage in pushing or pulling movements, climb, or perform
> gross manipulations.  He could occasionally use his hands for fine manipulations.  He
> could never bend and/or stoop, and he could never reach.  He could occasionally
> perform activities that involved environmental problems, described as allergies, dust,
> etc.  He could never operate a motor vehicle and he could never work with or around

---

[19]*Pl.'s Br.* at 10-11.

[20]Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  *Phillips v. Barnhart,* 357 F. 3d 1232, 1241(11th Cir. 2004); *Lewis v.* Callahan, 125 F.3d 1436, 1439-1441 (11th Cir. 1997).  Good cause exists if the opinion is not bolstered by the evidence,  the  evidence supports a contrary finding; or the opinion is conclusory or inconsistent with  the physician's own medical records. *Phillips*, 357 F. 3d  at 1241-42.
   *See also* 20 C.F.R. § 404.1527 (d)  (When a treating physician's opinion does not warrant *controlling*  weight, the ALJ must nevertheless weigh the medical opinion based on the  length of the treatment relationship and the frequency of examination;  the nature and extent of the  treatment relationship; the medical evidence supporting the opinion;  consistency with the record a whole;  specialization in the medical issues at issue;  other factors which tend to  support or contradict the opinion.). The ALJ must give "explicit and adequate reasons for rejecting the opinion of a treating physician."  *Elam v. Railroad Retirement Board*, 921 F. 2d 1210, 1215 (11th Cir. 1991).

hazardous machinery.  The claimant would likely miss four or more workdays a month because of his impairments.  In response to a question concerning the basis for the restrictions indicated, Dr. Arnold indicated obesity and degenerative disc disease in the back.[21]

He also duly noted the  Clinical Assessment of Pain form completed by Dr. Arnold:

[O]n November 15 or 16 (day illegible) Dr. Arnold signed a "Clinical Assessment of Pain" questionnaire, on which he indicated the claimant had pain that was present to such an extent as to be distracting to adequate performance of daily activities or work.  The claimant's pain would be greatly increased by physical activity, to such a degree as to cause distraction from or total abandonment of tasks.  However, with respect to side effects of medications, the claimant should be able to perform job duties without any decrease in work effectiveness.[22]

The ALJ stated clearly and concisely his reasons for discounting  these opinions of Ballard's disabling pain and exertional limitations:

Dr. Arnold subsequently completed forms that indicated extreme physical limitations and severe degrees of pain, the responses on those questionnaires are void of support in any report from any treating or examining physician, including Dr. Arnold's notes. ***
Although Dr. Arnold completed a questionnaire on which he indicated a total inability of the claimant to use his extremities for pushing and pulling movements, to climb and balance, to perform gross manipulation, to bend and/or stoop, to reach, to operate motor vehicles, and to work with or around hazardous machinery, there is no history of treatment for, or symptoms of, any impairment that would cause such limitations, including the very brief treatment notes from Dr. Arnold, himself.  Dr. Arnold also indicated the claimant could only occasionally perform fine manipulation and only occasionally work in areas of "environmental problems" such as allergies and dust.  Again, nothing in the record suggests any manipulative limitations at all, and nothing suggests any environmental limitations whatsoever.[23]

Ballard does not undermine this specification by the ALJ of the lack of support in Dr.

---

[21]R. 19.

[22]R. 19.

[23]R. 21.

Arnold's own records to bolster his opinions of Ballard's pain and functional limitations as well as the evidence which supports a contrary finding. Ballard maintains, however, that the ALJ lacked an adequate basis to discredit the opinions of his treating physician because opinions by a treating physician are entitled to deference and must be weighed using the factors enumerated in the regulations. That an ALJ discredits the opinions of a treating physician for good cause is not error. *Phillips v. Barnhart*, 357 F. 3d 1232, 1241(11th Cir. 2004); *Lewis v.* Callahan, 125 F.3d 1436, 1439-1441 (11th Cir. 1997). Scrutiny of the evidentiary record compels this court to conclude that the ALJ did not error in according less weight to Dr. Arnold's opinions on Ballard's pain and functional limitations.

First, to the extent that Dr. Arnold set forth opinions for Ballard's RFC on the PCE form, the ALJ is not duty bound to adopt, in full or in part, opinions on disabling limitations or pain rendered by a treating physician. Assessment of RFC falls squarely within the ALJ's province, but it must be based upon all relevant evidence of the claimant's ability to work despite impairments. *Lewis v. Callahan*, 125 F. 3d 1436, 1440 (11th Cir. 1997); *SSR 96-5p*, 1996 SSR LEXIS 2, *5-*7 ("If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record.").

Bolstered by substantial evidence is the ALJ's rejection of Dr. Arnold's PCE and pain form opinions as unsupported by the physician's own records. At the request of the Social Security Administration, Dr. Arnold performed a medical consultative examination on November 25, 2003–approximately 4 months after the last insured date and over a year after the alleged disability onset

date.[24]  He diagnosed chronic lower back pain and hypertension, untreated.[25]  Noting that the x-ray

obtained on the same date revealed "minimal changes and spurs in the lower back", Dr. Arnold

opined:

> Chronic lower back in a very large man.  No obvious severe defects on exam.  Range
> of motion is decreased.  He has not had aggressive therapy or intervention. With pain
> and problems at an early age, he is likely to have ongoing problems.[26]

The record contains only one additional treatment record from Dr. Arnold dated March 1, 2004.

During this examination, Dr. Arnold documented  Ballard's report of "no changes in abilities" and

his other subjective complaints.   On examination, Dr. Arnold noted these objective findings:

tenderness lower back; very stiff; decrease range of motion; straight leg raise positive bilateral.[27]  The

physician assessed lumbar disc disease and prescribed medication.  Despite instruction to schedule

a  follow-up visit, the record is void of any additional treatment records from Dr. Arnold.   Scrutiny

of Dr. Arnold's two treatment records compels this court to find sufficient good cause for the ALJ's

rejection of the physician's PCE and pain form opinions.  *See Phillips v. Barnhart,* 357 F. 3d 1232,

1241 (11th Cir. 2004); *see also  Heppell-Libsansky v. Commissioner of Social Security*, 170 Fed. Appx. 693

---

[24]On examination of the back, Dr. Arnold noted "diffuse mild tenderness of back. Range of motion is decreased and noted.  Moves up and down from the table without problems.  Straight leg raise is normal. Gait is normal".  Dr. Arnold noted normal dexterity and grip strength.  Examination of the extremities was normal. On examination of Ballard's range of motion of the cervical spine, dorsolumbar spine, shoulder, elbow and forearm, hip, knee, ankle and wrist, only Ballard's dorsal spine reflected a decrease in range of motion.  (R. 124-130).

[25]R.124-130.

[26]R. 126.

[27]R. 123.

(11th Cir. 2006)(ALJ did not error in refusing to accord controlling weight to treating physician's opinion because physician only saw claimant twice after the alleged onset date and other evidence in record showed periods of improvement).

The ALJ also properly concluded that Dr. Arnold's PCE and pain form opinions were not supported by other evidence in the record, including reports by examining or treating physicians. Alleging disability since January 1, 2002 due to back problems, the medical records in this case reveal only Ballard's emergency room treatment at Wiregrass Medical Center in 2000 and 2001 for impairments unrelated to his alleged back impairment.[28]   Absent are any additional treatment records or objective testing results from other medical sources.[29]

In sum, substantial evidence supports the ALJ's articulated reasons for discrediting Dr. Arnold's opinions on Ballard's pain and functional limitations.  Thus, remand is not warranted.

## V.  CONCLUSION

Based on the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's decision is supported by substantial evidence and reflects a correct application of the relevant law.  It is, therefore,

---

[28]R. 95-107.

[29]The medical record before this court consists only of the following: (a)treatment records from Wiregrass Medical Center for emergency room treatment on November 26, 2000, March 17, 2001 and June 17, 2001; (b) a report of the consultative examination performed by Dr. Arnold on November 23, 2005, at the request of the Social Security Administration; (c) the x-ray report of the lumbosacral spine dated November 25, 2003; (d) a March 1, 2004 follow-up record from Dr. Arnold; (e) a Clinical Assessment of Pain form and a Physical Capacities Evaluation form completed by Dr. Arnold on November 16, 2004.

**ORDERED** that the decision of the Commissioner is **AFFIRMED.**

A separate judgment is entered herewith.


Done this 28th day of July, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE